UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : : : | |
| v. | : : : | **Crim. No. 20-236 (JXN)** |
| MICHAEL MAYSE, *et al.* | : : : : : : | **OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on Defendant Michael Mayse's ("Mayse") Omnibus motion to: (i) dismiss Counts One, Eight, and Twenty-Six in the Superseding Indictment (ECF No. 123) (the "Superseding Indictment"); (ii) compel the production of grand jury testimony and/or a bill of particulars; (iii) exclude DNA evidence;[1] and (iv) compel a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) (a "*Franks* Hearing") (ECF No. 307) (the "Omnibus Motion"). The Government opposed. (ECF No. 326). Mayse did not reply. The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Criminal Procedure 12(c)(1) and District Judge John Michael Vasquez's (ret.) June 15, 2023 Scheduling Order (ECF No. 292) (the "June Scheduling Order" at 2).

For the reasons set forth below, Mayse's Omnibus Motion (ECF No. 307) is **GRANTED in part** and **DENIED in part**. The Government shall produce a limited bill of particulars that provides a "list of each [drug trafficking] transaction, in addition to the November 21, 2019, incident," which does not identify any co-conspirators, witnesses, confidential sources, and/or

---

[1] The Court agrees that this issue is best suited for a motion *in limine*. (Opp. at 27).

parties, if any. (Mot. at 14).[2] The Court **RESERVES** decision on the exclusion of DNA evidence. All other requests are **DENIED**.

I. <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

Following an investigation into drug trafficking activities in Newark and Belleville, New Jersey, the Government filed a three-count criminal complaint (ECF No. 1) (the "Complaint") against Mayse and multiple defendants. The investigation concerned a "drug trafficking organization" or "DTO" that "controls the open-air narcotics market" in "Stephen Crane Village ('Crane Village')[,]" a "public-housing complex located on the border of" Newark and Belleville. (Compl. ¶¶ 1-2).

The Complaint alleges that from 2019 to 2020, Mayse "worked" with defendants "to distribute and possess with intent to distribute narcotics, including heroin and crack cocaine, in Crane Village." (*Id.* ¶¶ 7, 9). And that law enforcement "conducted several controlled purchases of heroin, fentanyl, cocaine[,] and crack cocaine from members of the DTO[,]" including Mayse. (*Id.* ¶ 9). The Complaint alleges a single controlled purchase involving Mayse:

> During the November 21, 2019 controlled purchase, a [confidential source or] CS made contact with JORDAN[,] [another defendant,] in Crane Village and placed an order for a specified amount of heroin and crack cocaine . . . [Two defendants and a former "member of the DTO" identified as "Victim-1" (*Id.* at 7 n.1)], and MAYSE then approached JORDAN. Law enforcement overheard JORDAN, via audio transmitter, tell the group that they would share in the sale of narcotics to the CS. The CS then received narcotics from Victim-1, [four defendants,] [and] MAYSE . . . .

(*Id.* at 11(c)).

The Complaint further alleges that in December 2019, local law enforcement arrested Mayse in connection to Victim-1 "sustain[ing] fatal gunshot wounds to his head and torso." (*Id.*

---

[2] The Court refers to the ECF page numbers.

¶¶ 4, 10-11, 14). "During a search of" Mayse's home, law enforcement in part "recovered" a "Hi-Point C9 9mm handgun[,]" which "[b]allistics analysis of the discharged shell casings found at the murder scene confirmed that" the handgun "fired the rounds that killed Victim-1." (*Id.* ¶¶ 14-15). And that based in part on "interviews of at least one witness," Mayse "murdered Victim-1 because Victim-1 owed money relating to the distribution of narcotics in" Crane Village. (*Id.* ¶ 16).

On June 25, 2021, a District of New Jersey Grand Jury returned a thirty-seven count Superseding Indictment against Mayse and the defendants. Mayse is charged with conspiracy to distribute and possess with intent to distribute cocaine base, heroin, and fentanyl (Count One); distribution and possession with intent to distribute heroin and cocaine base (Count Eight); causing death through use of a firearm (Count Twenty-Six); possession of a firearm and ammunition by a convicted felon (Count Twenty-Seven); and possession of a firearm by a convicted felon (Count Twenty-Eight)[3].

On February 3, 2023, Mayse filed a previous Omnibus motion seeking in part to dismiss Count Eight and disclose the "names and addresses and identity of any informants and/or witnesses," and any "promises or plea agreements made with said persons . . . ." (ECF No. 257 at 5). The Government opposed the motion. (ECF No. 261). Following oral argument held on March 22, 2023 (ECF No. 266), Judge Vasquez denied the motion. (ECF No. 267).

On June 15, 2023, Judge Vasquez entered the June Scheduling Order that set a briefing schedule for the Omnibus Motion. (Scheduling Ord. at 2). On August 13, 2023, Mayse filed the Omnibus Motion. In September and October 2023, the Government requested additional time to oppose the Omnibus Motion. (ECF Nos. 317-18).

On October 12, 2023, this matter was reassigned to this Court. (ECF No. 319). On October

---

[3] Mayse does not move to dismiss Counts Twenty-Seven and Twenty-Eight.

17, 2023, the Court granted the Government an extension. (ECF No. 323). On November 16, 2023, the Government filed opposition. Mayse did not reply. This matter is ripe for consideration.

## II.   STANDARD OF REVIEW

### A.   Dismissal of an Indictment

An indictment may be dismissed for "failure to state an offense . . . ." Fed. R. Crim. P. 12(b)(3)(B)(v). An indictment "fails to state an offense if the facts alleged fall beyond the scope of the criminal statute as a matter of statutory interpretation . . . ." *United States v. Atwell*, No. 13-560, 2015 WL 2092687, at *2 (D.N.J. May 5, 2015) (internal quotations and citation omitted). However, an indictment is "generally deemed sufficient" if it: "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007) (internal quotations and citation omitted).

### B.   Disclosure of a Grand Jury Transcript

A district court may order the disclosure of a grand jury transcript at "the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . . ." Fed. R. Crim. P. 6€(3)(E)(ii). The party seeking disclosure "must show a particularized need for that information which outweighs the public interest in secrecy." *United States v. Minerd*, 299 F.App'x 110, 111 (3d Cir. 2008) (internal quotations and citation omitted). The party must also show that "a defense would be greatly prejudiced or that without reference to it an injustice would be done." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 221 (1979) (internal quotations and citations omitted).

### C. Production of a Bill of Particulars

"The court may direct the government to file a bill of particulars[,]" which is a "formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor." Fed. R. Crim. P. 7(f); *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (internal quotations, brackets, and citation omitted). "Only where an indictment . . . significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial," do courts "find that a bill of particulars should have been issued." *Urban*, 404 F.3d at 771-72 (internal quotations, brackets, and citations omitted).

### D. Compelling a *Franks* Hearing

"To obtain a *Franks* hearing, a defendant must establish (1) that a warrant application contained false statements made with reckless disregard for the truth and (2) that the remaining truthful statements, standing alone, do not establish probable cause." *United States v. Desu*, 23 F.4th 224, 234 (3d Cir. 2022) (citation omitted). The defendant "must prove his allegations by a 'substantial preliminary showing.'" *Id.* at 234 (citation omitted).

### III. DISCUSSION

#### A. The Superseding Indictment Properly States Counts One and Eight

##### 1. Count One - Conspiracy to Distribute

Mayse argues that Count One should be dismissed because the Superseding Indictment fails to state a conspiracy offense. (Mot. at 5-9). The Government opposes. (Opp. at 12-16).

"Under Federal Rule of Criminal Procedure 7(c)(1), an indictment 'must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013). In other words, "an indictment must be

sufficient on its face." *United States v. Pimenta*, No. 14-649, 2015 WL 6502098, at *2 (D.N.J. Oct. 27, 2015). Here, Count One meets this standard.

21 U.S.C. § 846 provides that "[a]ny person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object" of the "conspiracy." The Superseding Indictment alleges in pertinent part that it "shall be unlawful for any person knowingly or intentionally" to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." 21 U.S.C. § 841(a)(1).

The elements of a drug trafficking conspiracy charge under § 846 are: "(1) a shared unity of purpose between the alleged conspirators, (2) an intent to achieve a common goal, and (3) an agreement to work together toward that goal." *United States v. Bailey*, 840 F.3d 99, 108 (3d Cir. 2016) (footnote omitted). A defendant is guilty if the following elements are demonstrated: (1) "two or more persons agreed to []distribute[] . . . a controlled substance[;]" (2) the defendant "was a party to or member of that agreement;" and (3) defendant "joined the agreement or conspiracy knowing of its objective[] to [] distribute[]" a "controlled substance and intending to join together with at least one other alleged conspirator to achieve that . . . objective" and that "at least one other alleged conspirator shared a unity of purpose and the intent to achieve" that objective. 3d Cir. Mod. Crim. Jury Instr. § 6.21.846B (emphasis removed).

Here, the Superseding Indictment alleges that from February 2019 to February 2020, Mayse and defendants "knowingly and intentionally conspire[d] with each other" to "distribute and possess with intent to distribute" at least "28 grams" of a "mixture and substance containing a detectable amount" of cocaine base, heroin, and fentanyl. (Superseding Indict. at 1-2). This is sufficient.

6

Mayse argues that "a jury could not conclude that Mayse was involved in a conspiracy as alleged in Count One." (Mot. at 7). Stated differently, Mayse contends that the Government will be unable to prove Count One at trial, which is not the standard applied at this stage of the proceeding. *See United States v. Epstein*, 91 F. Supp. 3d 573, 588 (D.N.J. 2015) ("[R]uling on a motion to dismiss is not a permissible vehicle for addressing the sufficiency of the government's" evidence) (internal quotations, brackets, and citations omitted). Mayse further asserts that "it would defy logic that" the November 21, 2019 controlled purchase alone (*see* Compl. at 9), "establishes [that] Mayse shared a community of purpose with his alleged co-conspirators who are alleged to have dealt narcotics on at least two dozen occasions." (Mot. at 8). Such arguments are for the trier of fact. *See United States v. Bergrin*, 650 F.3d 257, 271 (3d Cir. 2011) (Courts do not analyze what the "Government will be able to prove at trial" on a motion to dismiss).

The Superseding Indictment "sufficiently apprises" Mayse of what "he must be prepared to meet" and allows Mayse to "show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *Vitillo*, 490 F.3d at 321 (internal quotations and citation omitted); *see also United States v. Stevenson*, 832 F.3d 412, 424 (3d Cir. 2016) (An indictment requires "[n]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy.") (internal quotations, brackets, and citation omitted).

Finally, Mayse cites *United States v. Pressler*, 256 F.3d 144 (3d Cir. 2001) to explain the probative value of facts considered in a conspiracy case. (Mot. at 7). In *Pressler*, the Third Circuit analyzed, on post-conviction, the "quality and quantity of evidence necessary to establish a conspiracy among individuals engaged in drug activity who are loosely associated" rather than the

7

sufficiency of an indictment. 256 F.3d at 147. Thus, *Pressler* is inapposite and accordingly, Count One survives because the Superseding Indictment alleges the elements and supporting facts.

### 2. Count Eight - Distribution and Possession with Intent to Distribute

For substantially the same reasons that the Omnibus Motion is denied as to Count One, Count Eight also survives.

In addition to 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C), which are alleged in Count One, Count Eight further alleges 18 U.S.C. § 2, which provides liability as a principal. The Superseding Indictment must allege the following elements: (1) the defendant "possessed a mixture or substance containing a controlled substance;" (2) he or she did so "knowingly or intentionally;" (3) he or she "intended to" "manufacture" or "distribute" the "controlled substance;" and (4) the Government identified the controlled substance. 3d Cir. Mod. Crim. Jury Instr. § 6.21.841A (emphasis removed).[4] Here, the Superseding Indictment alleges that on November 21, 2019, Mayse and certain defendants "knowingly and intentionally distribute[d][] and possess[ed] with the intent to distribute" a "quantity of a mixture and substance containing a detectable amount of" heroin and cocaine base. (Superseding Indict. at 6).

As to Count Eight, Mayse "adopts the sum and substance of the arguments" in support of dismissing Count One "in so far as there is little to no evidence to support the contention [that] Mayse distributed cocaine on November 21, 2019, other than the Government's bold assertion." (Mot. at 9 n.2). Mayse further argues that it "is unclear what, if anything, Mayse did other than allegedly being present and being approached by the individual who was trying to make a sale[.]" (*Id.* at 8). These arguments are not sufficient for dismissal.

---

[4] The Government states the elements slightly differently. (Opp. at 15).

First, Count Eight sufficiently alleges that Mayse distributed heroin and cocaine base on November 21, 2019. Second, Mayse again invites the Court to weigh the Government's evidence and additionally, to dismiss the Count because the Government purportedly has not provided discovery. Neither argument entitles Mayse to dismissal. *See United States v. Schiff*, 602 F.3d 152, 161 (3d Cir. 2010) (Courts "may grant a pretrial motion to dismiss an indictment" if "the indictment's allegations do not suffice to charge an offense.") (citation omitted); *Bergrin*, 650 F.3d at 268 (the court conducts "a narrow, limited analysis geared only towards ensuring that legally deficient charges do not go to a jury.").

The Government argues that Mayse seeks reconsideration of his first Omnibus motion to dismiss Count Eight, which Judge Vasquez denied. (*See* ECF No. 267). The Government contends that Mayse did not provide the reconsideration standard and that even if he did, it is an "extraordinary remedy" that "should be granted sparingly." (Opp. at 12 n.5) (citations omitted). The Court finds that reconsideration is not warranted because Mayse has neither formally moved for such relief nor made the requisite showing. *See* L. Civ. R. 7.1(i); *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). Accordingly, Count Eight suitably states the charge and survives.

### B. The Superseding Indictment Properly States Count Twenty-Six - Causing Death through Use of a Firearm

Mayse argues that Count Twenty-Six should be dismissed because the Superseding Indictment fails to allege the requisite elements and, like Counts One and Eight, the Government cannot prove the charge at trial. (Mot. at 9-11). The Government opposes. (Opp. at 17-18). The Court determines that Count Twenty-Six too survives.

18 U.S.C. § 924(j)(1)-(2) is a separate criminal offense for a "crime of violence or drug trafficking crime" that results in the "death of a person through the use of a firearm . . . ." Mayse

argues that the Superseding Indictment does not allege the offense because the Model Criminal Jury Instruction requires that he "possess[ed] a firearm in furtherance of a" drug trafficking crime (*see* 3d Cir. Mod. Crim. Jury Instr. § 6.18.924A).  (Mot. at 9).  Though the Government does not cite to the relevant Model Criminal Jury Instruction (*see, gen.*, Mot.), in carefully reviewing 18 U.S.C. §§ 924(c) and (j), a defendant may be charged with this separate offense if "during and in relation to" a "drug trafficking crime[,]" he or she: (1) uses or carries a firearm, or, [2] in furtherance of any such crime, possesses a firearm . . . ."

The Superseding Indictment provides that on December 15, 2019, Mayse "during and in relation to a drug trafficking crime[,]" "knowingly and intentionally use[d] and carr[ied] a firearm, and in doing so, knowingly and purposely caused the death of Victim-1."  (Superseding Indict. at 14).  Because the Government charged Mayse under a use and carry theory, and not a furtherance of a drug trafficking crime theory, the Superseding Indictment states Count Twenty-Six.

Next, Mayse argues without citing any authority that the Court "does not have jurisdiction to litigate a state charge for murder."  (Mot. at 10).  The Government does not respond to this assertion.  However, the Court is guided by the Superseding Indictment, which alleges federal crimes against Mayse.  (*See, gen.,* Superseding Indict.).  Thus, such an assertion with nothing more is unpersuasive.  Accordingly, the motion to dismiss Count Eight is denied.

        C.      <u>**Mayse Is Not Entitled to the Grand Jury Transcript**</u>

The Court determines that an Order disclosing the grand jury transcript is not warranted.  "[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."  *Douglas Oil Co.*, 441 U.S. at 218 (citation omitted).  Federal Rule of Criminal Procedure 6(e) is "intended to preserve the tradition of grand jury secrecy, creating a general rule of confidentiality for all matters occurring before the grand jury."  *United States v. Smith*, 123 F.3d

140, 148 (3d Cir. 1997). As a result, "exceptions to this secrecy requirement are quite limited." *United States v. Marx*, Crim. No. 23-323, 2023 WL 8113271, at *1 (E.D. Pa. Nov. 23, 2023).

Here, Mayse argues that the transcript should be disclosed to determine what the jury "relied upon in determining [that] he was engaged in a drug distribution conspiracy as a matter of law and how Victim-1's murder was allegedly in furtherance of drug trafficking." (Mot. at 12). Such an argument does not suggest that absent disclosure Mayse will be "greatly prejudiced" or that an "injustice would be done." *Douglas Oil Co.*, 441 U.S. at 221 (internal quotations and citations omitted). Thus, Mayse "failed to make the showing of 'particularized need' required to overcome the policy of secrecy encompassed by Rule 6(e)." *Minerd*, 299 F.App'x at 112. Moreover, Mayse offered no evidence of a "substantial likelihood of gross or prejudicial irregularities in the conduct of the grand jury" to merit disclosure. *United States v. Budzanoski*, 462 F.2d 443, 454 (3d Cir. 1972). Accordingly, the grand jury transcript shall not be produced.

        **D.**    **Mayse Demonstrates that a Limited Bill of Particulars is Appropriate**

Mayse argues that the Government should be compelled to produce a bill of particulars. (Mot. at 12-14). In support, he asserts that while the Government's discovery is "voluminous," he knows neither the identity of his alleged co-conspirators nor any other drug transaction that the Government contends Mayse was involved in. (*Id.* at 14). In opposition, the Government contends that it: (i) will "supply *Jencks* material[5] as trial approaches[;]" (ii) it already produced "extensive discovery[;]" and (iii) "represent[s] that" it will "provide substantial additional discovery in time for its effective use at trial" thus, eliminating the need for a bill of particulars. (Opp. at 21). Here, a limited bill of particulars is warranted.

---

[5] Though the Government does not elaborate on "*Jencks* material[,]" (*see* Opp. at 21), it likely refers to the production of certain "testimonial evidence" and witness statements. *United States v. McCoy*, 410 F.3d 124, 127 n.2 (3d Cir. 2005) (citing *Jencks v. United States*, 353 U.S. 657 (1957); 18 U.S.C. § 3500(b)).

11

A "bill of particulars is of a specific nature, and its status has legal consequences." *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 429 (3d Cir. 2016). The document "is designed to define and limit the government's case" and, "as a supplement to the indictment[,] suggests generally open access to it." *Id.* at 431 (footnote omitted). When an indictment "provide[s] more than enough information to allow" a defendant "to prepare an effective trial strategy[,]" a bill of particulars is not warranted. *Urban*, 404 F.3d at 772. Otherwise, a bill of particulars is required to adequately apprise the defendant of what he must be prepared to meet. *Atwell*, 2015 WL 2092687, at *4 (internal quotations, brackets, and citations omitted). And "to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." *Id.* at *5 (citation omitted).

Obtaining necessary discovery "obviates the need to a bill of particulars." *Urban*, 404 F.3d at 772 (citation and internal quotations omitted). Therefore, the Government's production of the discovery needed for trial preparation along with the "sufficiency of the allegations contained in the Superseding Indictment, negate[] the need for a bill of particulars[.]" *Atwell*, 2015 WL 2092687, at *5 (citations omitted). However, discovery alone is not enough. *See United States v. Lacerda*, Crim. No. 12-303, 2013 WL 3146835, at *14 (D.N.J. June 19, 2013) ("It has also been recognized, however, that disclosure by the government of 'mountains of documents' is not an adequate substitute for a bill of particulars when the government's disclosure does not provide guidance regarding what it seeks to prove at trial.") (citations omitted).

Here, excluding the alleged furtherance of drug trafficking murder provision, Mayse seeks:

> 1. A list of the names of all persons whom the Government claims or will claim were co-conspirators of the defendant [("Request No. 1")]. [And]
>
> 2. A list of each transaction, in addition to the November 21, 2019, incident, in which the Government claims Mayse was

12

involved, together with any other involved parties, the nature and amount of the drug and date and location of said transaction and what Mayse's specific role was [("Request No. 2")].

(Mot. at 14).[6]

The Court addresses each request, in turn.

### 1. Request No. 1

Mayse filed a prior discovery motion for disclosure of government witnesses and confidential informants.[7] Judge Vazquez ruled that the Government may "provide defense counsel with a summary of the witness statements that were redacted" following an in-camera review of "the relevant law enforcement report." (ECF No. 171). The Government again raises the concern of identifying witnesses. (Opp. at 11 n.2, 21). As a result, the request for a list of "names of all persons whom the Government claims or will claim were co-conspirators[,]" is not warranted at this time. Based on the Government's representation that it will produce additional discovery later in this case (*Id.* at 21), Mayse's request for the identification of co-conspirators is denied without prejudice, which may be renewed at the appropriate time.

### 2. Request No. 2

A limited bill of particulars as to Request No. 2, which excludes the identification of any persons involved, is appropriate. While the Government represents that it identified an October 24, 2019 incident (Superseding Indict. at 5; Opp. at 21), Mayse is not alleged to have been involved. The Superseding Indictment alleges only that Mayse was involved in a November 21, 2019 incident. (Superseding Indict. at 6). Therefore, a bill of particulars that identifies each drug transaction in which the Government "claims Mayse was involved;" the "nature and amount of the

---

[6] Mayse also requests "[a]ll facts which support the legal requirement that Victim-1's alleged murder was in furtherance of drug trafficking." (Mot. at 14). Because neither the Superseding Indictment nor the Government relies on the furtherance prong as discussed herein, Mayse's request is denied.
[7] (ECF No. 157-2 at 4).

13

drug and date and location of said transaction[;]" as well as "Mayse's specific role," is reasonable. *See N. Jersey Media Grp. Inc.*, 836 F.3d at 429 (Third Circuit "precedent does grant public access to bills of particulars . . . .") (citation omitted). This will apprise Mayse "of the nature of the charges brought against him [regarding additional transactions, if any,] to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *Urban*, 404 F.3d at 771 (internal quotations and citation omitted).

The Government cites *United States v. Morales*, 280 F. Supp. 2d 262, 274 (S.D.N.Y. 2003), which noted that "[t]he ultimate test in deciding whether a bill of particulars should be ordered is whether the information sought is necessary, as opposed to helpful, in preparing a defense." (citation omitted). Here, the Court finds that a list of every drug transaction is "helpful" and "necessary[.]" The Government also cites *United States v. Solomonyan*, 451 F. Supp. 2d 626, 641 (S.D.N.Y. 2006), which held that the court "must examine the totality of the information available to the defendant," in deciding whether to compel the production of a bill of particulars. As discussed herein, the Superseding Indictment identified just one drug trafficking offense. And while the Government represents that it will "provide substantial additional discovery in time for its effective use at trial" (Opp. at 21), there may be additional drug transactions that the Government may rely upon.

For the same reasons that the Court denied disclosure of the identity of co-conspirators, however, the Court similarly denies without prejudice the request for the identification of "any other involved parties," subject to the ability to renew the request at the appropriate time. Accordingly, the Court grants in part Mayse's Request No. 2, as to the limited bill of particulars as specified, that excludes the identification of all other parties involved.

14

### B.     A *Franks* Hearing is Not Warranted

Mayse argues that a *Franks* hearing should be ordered to consider the "veracity" of the December 16, 2019 Search Warrant (ECF No. 307-1) (the "December Search Warrant"). (Mot. at 19). In opposition, the Government contends that Mayse has not met the standard. (Opp. at 27-28). The Court agrees and denies the request for a *Franks* hearing.

A "district court is required to hold a *Franks* hearing if a defendant makes a 'substantial preliminary showing'" (*see United States v. Darby*, 684 F.App'x 219, 221 (3d Cir. 2017) (citation omitted)), that: "(1) a warrant application contained false statements made with reckless disregard for the truth and (2) that the remaining truthful statements, standing alone, do no establish probable cause." *Desu*, 23 F.4th at 234 (citation omitted). The defendant "cannot rest on mere conclusory allegations or a mere desire to cross-examine, but rather must present an offer of proof contradicting the affidavit . . . ." *Id.*, 23 F.4th at 234 (internal quotations and citation omitted). Here, Mayse does not argue either prong.

Mayse concedes that the facts in the December Search Warrant "establish probable cause on their face," but challenges "their veracity . . . ." (Mot. at 19). However, he contends that because in part the "photo identifications attributed to witnesses #1 and #2 are not corroborated by any of the evidence in the case[,]" a *Franks* hearing should be ordered. (*Ibid.*). Mayse does not at minimum argue that the December Search Warrant "omitted information" relevant to this matter. *United States v. Wade*, 628 F.App'x 144, 147 (3d Cir. 2015). This is not enough; and leaves the Court without basis to find that the December Search Warrant contained "false statements" that "were made with reckless disregard for the truth . . . ." *Desu*, 23 F.4th at 235.

Further, Mayse does not "present an offer of proof contradicting" the December Search Warrant that "include[s] materials such as sworn affidavits or otherwise reliable statements from

witnesses." *United States v. Yusuf*, 461 F.3d 374, 383 n.8 (3d Cir. 2006) (citation omitted). In considering such "conclusory" allegations, Mayse has not "provide[d] affirmative evidence raising an inference" that the December Search Warrant contains false statements that were included in "reckless[] disregard[]" to the truth. *United States v. Doumbia*, Crim. No. 19-392, 2022 WL 377013, at *4 (E.D. Pa. Feb. 8, 2022). Accordingly, a *Franks* hearing is not merited.

## II.     CONCLUSION

For the foregoing reasons, Mayse's Omnibus Motion (ECF No. 307) is **GRANTED in part** and **DENIED in part**.

DATED: June 3, 2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge